Taylor, Chief-Justice.
 

 The indictment, in this case, , is for an inhuman assault and battery, but the special verdict states, that the Defendant struck the slave. The question, therefore, presented to the Court, is, whether a battery, committed on a slave, no justification, or circumstances attending it, being shewn, is an indictable offence.
 

 As there is no positive law, decisive of the question, a solution of it roust be deduced from general principles, from reasonings founded on the common lav/, adapted to the existing condition 'and circumstances of our society, and indicating that result, which is best adapted to general expedience. Presumptive evidence of what this is, arises, in some degree, from usage, of which the Legislature must have been long since apprised, by the re
 
 *583
 
 peated conviction and punishment of persons charged with this offence.
 

 It would be a subject of regret to every thinking person, if Courts of Jusiicc were restrained, by any austere rule of judicature, from keeping pace, with the march of benignant policy and provident humanity, which for many years, has characterised every Legislative act, relative to the protection of slaves, and which Christianity» by the mild diffusion of its light and influence, has contributed to promote ,• and even domestic safety and interest equally enjoin.
 

 The wisdom of this course of legislation, has not exhausted itself on the specific objects to which it was directed, hut has produced wider and happier consequences, in securing to this class of persons, milder treatment and more attention to their safety,' for the very ci rcumstance of their being brought within the pale of legal protection, has had a corresponding influence upon the tone of public feeling towards them
 
 t,
 
 has rendered them of more value to their masters, and suppressed many outrages, which were, before, but too frequent.
 

 It is, however, objected in this case, that no offence has been committed, and the indictment is not sustainable, because the person assaulted is a slave, who is not protected by the general criminal law of the State 5 but that, as the property of an individual, the owner may he redressed by a civil action.
 

 But though neither the common law, nor any other code yet devised by man, could foresee and specify every Case that might arise, and thus supersede the use of reason in the ordinary affairs of life, yet it furnishes the principles of justice adapted to every state and condition of society. It contains general rules, fitted to meet the diversified relation, and various conditions of social man. Many of.tKe most important of these rules, are not set down in any statute or ordinance, but depend upon common law for their support; of this de«-
 
 *584
 
 cription is ike n-Io. 1 hot breaking the public peace is an offence, and pun.sbable by fine and imprisonment.
 

 An assault and battery is not indictable in any case
 
 j-Q
 
 re(]reSH the private injury, for that is to be effected by a civil action j but, because the offence is injurious to the citizens at large by its breach of the peace, by the terror and alarm it excites, by the disturbance of that social order which it is the primary object :d the law to maintain, and by the contagious example of crimes.
 

 The instinct of a slave may be, and generally is, tamed into subservience to his master’s will, and from him he receives chastisement, whether it be merited or not, with perfect submission ; for he knows the extent of the dominion assumed over him, and that the lawT ratiíi s the claim. But when die same authority is wantonly usurped by a stranger, nature is disposed to assert her rights, and to prompt the slave to a resistance, often, momentarily successful, sometimes, fatally so.
 

 The public peace, is thus broken, as much as if a free man had been beaten, for the party of the aggressor is always the strongest, and such contests usually terminate by overpowering the slave and inflicting on tem a severe chastisement, without regard to the original cause of the conflict. There is consequently, as imicii k.isou for making such offences indictable, as if a white man had been the victim.
 

 A wanton injury committed on a slave is a great provocation to tiie owner, awakens his resentment, and lias a direct tendency to a breach of the peace, by inciting him to seek immediate vengeance. If resented in the heat of blood, ii would probably extenuate a homicide to manslaughter, upon the same principle wit!.- the case stated by 1 >• Hale, that, ^A. riding on the road, B. bad whipped ira horse out of .'the track, and then A. had alighted and killed ¿5.
 

 
 *585
 
 These fefeines ara tv ,vfey cosmiii raíl fej !B«h of siis» «fe1' efe its,, k&itiyfeiv; loom !’ rrsjefefe íVíííii asmcfelfen wfeb vh ‘fei <! raí yen la tfe> «vmmviry oí co ■» - " 'íioíci ¡hoy deprave by f t é , < aabEfevlij/, asid Tea ra-’ fea m¡0. y slave clave IMS mnfe ‘ vfe «sIjí?, being - -'seel dfeerwj *d i'isísoíiH and = ' ’e. embebían ■"•; ha especia-imv a, ts'sko Rimú . * oífeBces aiay ¡fe coivívra; . , *»Hp«utiy<, Üis ¡¡.ratee fell ¡riel, oafe ¡fe mulera;! eviraracly insa-
 
 i'.iiiW
 
 best «iio valuó oí ferae pMjyfey ¡mará he laiidi ¡Un*» paired, ib* ífe oiánufem cita saldéis santo «y repardiíea la feüjirarau
 

 Km* fe it iieoesravy,,
 
 in
 
 any caso, üi&t aperaos who batí vecen ed asi injury, mal oí* Lraíyirairy,, íVoííi a slave,, tioüSd crar.e out ufe rara juraioe 5 ibv the Iras lias tundís ampie FJid sRüi&tary yríHÍfeors fes* Ib o {Mmibifeiení oí all vj’h ial aahiices roümuífe:;! by slaves, fey canying Teas, betifre ti fefeico, rafe fe sramo vised'¡« pass seaíeuce íbi* íbera iteisiy ;>ji!;Íícíi!/ wirápmlfe-•(! íAm, fe 4<ÍC=) This ’piran ifeom váida it e vfesiára fee neresfeiy of private vera* ysiK’e, s>oíife m, ¡vi id ¡bifóí It; ieyfelky,, ¡Tace It eSeeiiv aliv jKwfeví,-. idí perHeas frían ífe fewfevre «í slaven, emu wise ve ífeiv Kimfer v ! uve tanvíüiiiíg Us cmvci ¡hoy*, 0¿w*a i\:'C5|*iaiid. sHViüv'v mudr.
 

 Tfe\ commas fee/ Ímü rivera been vaJikd ifeío efeífemv ojKuvüev, ¡fe* Te yafefeimmt oí ¡¡rabíic cnieíty ifekicfed íspeit ufettrfefe ím ¡rivedlfe/; fiad v„ vivios báríwky eiiev ■ fefi'-d erra by masters anea íñeÍ!' nevón swkí £i?¿* vavíea,, váíV'dnse ol ¿«'oiffv'a serva*!; aad roaiiort. Itest-joo ítstd evahínT son-is i» ve avie Üia.í a iiaiumsi Loiiipt, íífehoüfVt tlss* Ktii.jec!. of pvopev¡:/„ síanfe: be so lia* pvíiífvlocl as lh¡-Jeí'J;’
 
 ’U'
 
 ¡¡afeae >v* ivpsred lísVíViaíi tfiiíi.
 

 few idI prirtnwM*3 Keresnny to caiiovre lije obvdiesicc of die h!wvo» asá í« veisdcv bina moíiij as ¡veopony, iba feie, 'V ceros ;« Cíe ítdivbvv a. ro’et/vole aedlsoviry avorliíuv, a?»' ’ fe v, ¡fe iiGs Ilpfedy fefevffev» \,;;fet ifen rviadiíia üiar, efeshfefeec?,, fe
 
 h
 
 a nve'e eífeedial yvavanfee oí fefe*
 
 *586
 
 right of property, when the slave is protected from wanton abuse fren, those wlio have no power over bin» j for it cannot be disputed, that a slave is rendered less capable of performing his master’s service, when he ends himself exposed by the law to the capricious violence of every turbulent man in the community.
 

 Mitigated as shivery is by the humanity of our laws, the refinement of manners, and by public opinion, which revolts at every instance of cruelty towards the:::., it would be an anomaly in the system of police which affects them, if the offence stated in the verdict were not indictable. At the same time it is undeniable, that such offence must be considered with a view to the actual condition of society, and the difference between a white man and a slave, securing the first from injury and insult, and the, other from needless violence and outrage. From this difference it arises, that many circumstances which would not constitute a legal provocation for a battery committed by one white man on another, would justify it, if committed on a slave, provided the battery were not excessive, it is impossible to draw the line with precision, or lay down the rule in the abstract; but as was said in
 
 Tucket’s
 
 case, the circumstances must be judged of by the Court and Jury, with a due regard to the habits and feelings of society. But where no justification is shewn, as in this case, I am of opinion the indictment is maintainable.